IN UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

BETTI J. SANDERS                                                                                        PLAINTIFF

vs.                                            Civil No. 2:19-cv-02102

ANDREW SAUL                                                                                            DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Betti J. Sanders ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable P. K. Holmes, III referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the arguments in this case, this Court recommends Plaintiff's case be **AFFIRMED.**

**1.     Background:**

Plaintiff protectively filed her disability application on November 20, 2015. (Tr. 11).[1] In her application, Plaintiff alleges being disabled due to a fusion in her upper back; being unable to turn her neck; a herniated disc; arthritis in her knee; previous congestive heart failure; and diabetes. (Tr. 218). Plaintiff alleges an onset date of June 30, 2001. (Tr. 34). This application was denied

---

[1] References to the Transcript will be (Tr.___) and refer to the document filed at ECF No. 10. These references are to the page number of the transcript itself, not the ECF page number.

1

initially on May 6, 2016 and again upon reconsideration on September 16, 2016. *Id.* Thereafter, Plaintiff requested an administrative hearing, and this hearing request was granted. (Tr. 54-83).

Plaintiff's administrative hearing was held on February 8, 2018 in Fort Smith, Arkansas. (Tr. 54-83). At this hearing, Plaintiff was present and was represented by Laura McKinnon. *Id.* Plaintiff and Vocational Expert ("VE") Mr. Langley[1] testified at this hearing. *Id.*

On September 27, 2018, the ALJ entered an unfavorable decision[2] denying Plaintiff's disability application. (Tr. 7-23). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since November 20, 2015, her application date. (Tr. 13, Finding 1). The ALJ found Plaintiff had the following severe impairments: diabetes mellitus with peripheral neuropathy; disorder of the back; asthma; hypertension; major depressive disorder; and generalized anxiety disorder. (Tr. 13, Finding 2). Despite being severe, the ALJ determined those impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 14-15, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 15-21, Finding 4). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined 20 CFR 416.967(b) except occasionally climb, balance, stoop, kneel, crouch, or crawl; must avoid concentrated exposure to fumes, odors, dusts, gases, poor ventilation, and hazards such as dangerous machinery and unprotected heights; work limited to simple, routine, and repetitive tasks involving only simple, work-related decisions

---

[1] The first name of Mr. Langley is not included in the transcript.
[2] Based upon the transcript, it appears the ALJ also entered an unfavorable decision on August 30, 2018. (Tr. 31-53). The Court will only consider this more recent decision from September 27, 2018.

> with few, if any, workplaces changes and no more than incidental contact with coworkers, supervisors, and the general public.

*Id.* The ALJ determined Plaintiff was forty-five (45) years old, which is defined as a "younger individual" under 20 C.F.R. § 416.963(c) (2008). (Tr. 22, Finding 6). As for her education, Plaintiff testified she had at least a high school education was able to communicate in English. (Tr. 22, Finding 7).

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") and determined Plaintiff did not have any PRW. (Tr. 21, Finding 5). The ALJ also considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy, considering her age, education, work experience, and RFC. (Tr. 22, Finding 9). The VE testified at the administrative hearing regarding this issue. *Id.*

Considering this testimony, the ALJ determined Plaintiff retained the capacity to perform representative occupations such as the following (light, unskilled): (1) coin machine collector with approximately 96,000 jobs in the national economy; and (2) production assembler with approximately 288,000 jobs in the national economy. (Tr. 22). Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from November 20, 2015 (application date) through September 27, 2018 (ALJ's decision date). (Tr. 23, Finding 10).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's decision. On June 17, 2019, the Appeals Council denied this request for review. (Tr. 1-6). On August 7, 2019, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 12-13. This case is now ready for decision.

**2.    Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's

findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2010);  *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that

significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

In her appeal brief, Plaintiff raises three arguments for reversal: (A) the ALJ erred by failing to fully and fairly develop the record; (B) the ALJ erred at Step Two of the Analysis; and (C) the ALJ erred in evaluating her RFC. ECF No. 12 at 1-19. The Court will address each of these arguments.

   **A. Failure to Develop the Record**

Plaintiff claims the ALJ erred by failing to fully and fairly develop the record in this case. ECF No. 12 at 5-10. Specifically, Plaintiff claims the ALJ should have ordered an orthopedic consultative examination and a mental consultative examination in order to have a complete record in this case. *Id.* In response, Defendant argues the record is "a reasonably complete record," and Plaintiff has offered no basis for reversal on this issue. ECF No. 13 at 5-13.

Upon review, the Court finds the record was sufficiently developed, and there is no basis for reversal on this issue. As an initial matter, the Court recognizes that Plaintiff is not entitled to every consultative examination she requests; instead, the ALJ must only develop a "reasonably

complete record." *See Clark v. Shalala,* 28 F.3d 828, 830-831 (8th Cir. 1994). Furthermore, a social security case will only be remanded for further record development if there has been some showing of prejudice. *See Onstad v. Shalala,* 999 F.2d 1232, 1234 (8th Cir. 1993).

In the present action, the record in this case is 1400 pages in length. Plaintiff did undergo two consultative examinations, one assessing his physical limitations and one assessing his mental limitations. (Tr. 1391-1400). Even though these examinations were not as thorough as Plaintiff may have liked, the Court still finds they are "reasonably complete" such that no remand is warranted. As a final note and as outlined above, Plaintiff is not entitled to a remand absent a showing of prejudice. Here, there has been no such showing (ECF No.12); and for this reason, Plaintiff is also not entitled to a remand for further development of the record.

### B. Step Two of the Analysis

Plaintiff claims the ALJ erred in assessing her impairments at Step Two of the Analysis. ECF No. 12 at 10-12. Plaintiff claims the ALJ erred (1) by not performing the Psychiatric Review Technique ("PRT"); (2) by failing to find a severe impairment in her upper extremity; and (3) by failing to find a severe impairment due to her congestive heart failure. *Id.* The Court will address each of these arguments separately.

First, Plaintiff claims the ALJ erred in not performing a Psychiatric Review Technique ("PRT"). ECF No. 11 at 10. Plaintiff is simply incorrect in this claim. In his decision, the ALJ found both Plaintiff's major depressive disorder and generalized anxiety disorder were severe impairments. (Tr. 13, Finding 2). The ALJ also did perform the PRT. (Tr. 13-14). Thus, this claim is meritless and should be dismissed.

Second, Plaintiff claims the ALJ erred by finding she did not have a severe impairment in

her upper extremity. ECF No. 12 at 10-12. With this argument, it appears Plaintiff is claiming her carpal tunnel syndrome is a severe impairment, and the ALJ erred by finding it was not. Upon review, the Court likewise finds no basis for reversal on this issue. Plaintiff was diagnosed with "mild" carpal tunnel syndrome. (Tr. 1387). Plaintiff, however, also reported on multiple occasions that she made jewelry with beads (Tr. 735, 1080, 1094); and engaged in activities such as coloring, playing on her iPad, engaging in personal care, preparing her own meals, washing dishes, picking up her room, driving a car, shopping for groceries, and sewing (Tr. 243-44, 261-66, 1206). Based upon this evidence, the Court cannot find the ALJ erred in his determination that her carpal tunnel syndrome was non-severe.

Third, Plaintiff claims the ALJ erred in finding her congestive heart failure ("CHF") was non-severe. ECF No. 12 at 10-12. In her application for benefits, however, Plaintiff characterized her CHF as "previous" (Tr. 218) and did not allege it to be a current, disabling impairment. Plaintiff's medical records support her assertions that this was a "previous" impairment that had resolved itself. (Tr. 683, 1142). Thus, the Court finds no basis for reversal on this issue.

### C. RFC Determination

Plaintiff claims the ALJ erred in assessing her RFC. ECF No. 12 at 12-18. Plaintiff has the burden of demonstrating the limitations in her RFC. *See Vossen v. Astrue,* 612 F.3d 1011, 1016 (8th Cir. 2010) (recognizing "the burden of persuasion to prove disability and demonstrate RFC remains on the claimant").

In the present action, Plaintiff alleges the ALJ erred by the following: (1) failing to include additional manipulative and handling restrictions; (2) failing to account for the side effects of her medication; (3) failing to include gait restrictions; (4) failing to include limitations due to

peripheral neuropathy; and (5) failing to include additional mental limitations. ECF No. 12 at 12-18.

The Court finds none of these claims are merited. First, as noted above, Plaintiff was only diagnosed with "mild" carpal tunnel syndrome, which cannot even be characterized as "severe." Second, Plaintiff repeatedly denied having any side effects due to her medications (Tr. 623, 627, 1088, 1189, 1199, and 1200). Third, apart from a few isolated instances since her alleged onset date, Plaintiff was be found to have a normal gait. (Tr. 399, 528-29, 601, 605, 609). Fourth, Plaintiff claims to need a cane due to peripheral neuropathy, but there has been no demonstration that her cane use was prescribed. Fifth and finally, Plaintiff claims the ALJ should have included more restrictions on her RFC due to her depression and anxiety; but as noted above, Plaintiff has extensive daily activities, and Plaintiff offers no basis for including additional restrictions.

4. **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and recommends that it be **AFFIRMED**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 22nd day of June 2020.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

8